Filed 12/9/24  P. v. Smith CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>ANDRE DELOINE SMITH,<br><br>    Defendant and Appellant. | D083524<br><br><br>(Super. Ct. No.SCD296816) |

APPEAL from a judgment of the Superior Court of San Diego County, David L. Berry, Judge.  Affirmed.

Jo Pastore, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Charles C. Ragland, Assistant Attorney General, Eric A. Swenson and Monique Myers, Deputy Attorneys General.

# I

## INTRODUCTION

Defendant Andre Deloine Smith pleaded guilty to being a felon in possession of a firearm and unlawful possession of ammunition. The trial court placed him on probation for a term of eighteen months.

On appeal from the judgment of conviction, Smith requests that our court independently review the personnel records of the arresting officer pursuant to *Pitchess v. Superior Court* (1974) 11 Cal.3d 531 (*Pitchess*), to decide whether the trial court erred by declining to order the production of any documents responsive to Smith's *Pitchess* motion. We have reviewed the personnel records at issue and conclude the trial court did not err in declining to order their production. Therefore, we affirm the judgment.

# II

## BACKGROUND

Two San Diego police officers initiated a traffic stop after observing a vehicle driving on a public highway with expired registration tags. During the traffic stop, Officer McNett approached the driver's side of the vehicle and identified Smith as the driver. Officer McNett informed Smith the reason for the stop was the expired registration tags. In response, Smith provided Officer McNett with paperwork and said the registration was up to date. According to Officer McNett, the paperwork included an incomplete DMV registration application and two incomplete one-day moving permits from the DMV. Officer McNett ran a criminal records check for Smith and confirmed the vehicle registration was outdated.

Officer McNett asked Smith to step out of the vehicle and handcuffed him. Officer McNett then conducted a warrantless inventory search of the vehicle. He removed blankets from the back seat and discovered a firearm

2

case containing a loaded 40-caliber semiautomatic handgun with a magazine inserted, ammunition in the magazine, and an extra magazine loaded with ammunition. At the conclusion of the inventory search, Officer McNett impounded the vehicle.

Smith was charged by amended information with being a felon in possession of a firearm (Pen. Code, § 29800, subd. (a)(1); count 1) and illegal possession of ammunition (*id.*, § 30305, subd. (a)(1); count 2).

Smith moved to suppress the evidence obtained during the search of his vehicle, which he argued was obtained in violation of the Fourth Amendment to the United States Constitution. He also filed a *Pitchess* motion requesting discovery of Officer McNett's personnel records. In particular, he sought a court order compelling the San Diego Police Department to produce records involving instances of ethnic or racial bias, acts of dishonesty, the fabrication of probable cause or reasonable suspicion, unlawful arrest or detention, or unlawful search and seizure on the part of Officer McNett. At the hearing on the *Pitchess* motion, defense counsel clarified that Smith sought documents from Officer McNett's personnel file to prove that McNett lied when he described Smith's DMV documentation as incomplete or invalid. The trial court held an in-camera review of Officer McNett's records, but found there was no discoverable evidence and declined to order the production of any documents or information.

Thereafter, Smith pleaded guilty to both counts, admitted prior conviction allegations on each count (Pen. Code, § 1203, subd. (e)(4)), and admitted two aggravants for unsatisfactory performance while on probation (Cal. Rules of Court, rule 4.421(b)(5)). The trial court placed Smith on probation for 18 months for count 1 and imposed, but stayed, 18 months of probation for count 2 (Pen. Code, § 654).

III

DISCUSSION

Smith asks our court to independently review Officer McNett's personnel file and determine whether the trial court erred in finding that it contained no discoverable documents or information. The People do not object to our independent review of the file.

Under *Pitchess*, a criminal defendant may obtain access to law enforcement personnel and complaint files if he or she demonstrates that disclosure will facilitate the ascertainment of the facts and a fair trial. (*Pitchess*, *supra*, 11 Cal.3d at pp. 536–537.) The Legislature expanded the principles of *Pitchess* by setting forth procedural conditions for obtaining discovery of personnel records in Evidence Code section 1043, subdivision (b). (*People v. Codinha* (2021) 71 Cal.App.5th 1047, 1081.) A defendant must demonstrate good cause for the discovery by showing both " ' "materiality" to the subject matter of the pending litigation and a "reasonable belief" that the agency has the type of information sought.' " (*People v. Gaines* (2009) 46 Cal.4th 172, 179.) "If the defendant establishes good cause, the court must review the requested records in camera to determine what information, if any, should be disclosed." (*Ibid*.)

Where, as here, a trial court denies production of files or information from an officer's personnel file, this court reviews "the 'record of the documents examined by the trial court' [to] determine whether the trial court abused its discretion." (*People v. Rodriguez* (2011) 193 Cal.App.4th 360, 366.)

In accordance with Smith's unopposed request for an independent review, we have examined Officer McNett's personnel files. Based upon our

4

review, we conclude the trial court did not abuse its discretion in denying discovery of the records at issue.

IV

DISPOSITION

The judgment is affirmed.

McCONNELL, P. J.

WE CONCUR:


DATO, J.


CASTILLO, J.